

**SO ORDERED.**

**SIGNED this 19 day of December, 2006.**

```
                              _____
                                    JAMES D. WALKER, JR.
                              UNITED STATES BANKRUPTCY JUDGE
```
_____


UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 06-10492-JDW |
| LAVERNA KNIGHTON, | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE


COUNSEL

For Debtor:          Jeanie K. Tupper
                     1205 Dawson Road
                     Albany, Georgia 31707

For Bank of Dawson:  T. Lee Bishop
                     Post Office Box 1791
                     Albany, Georgia 31702

**MEMORANDUM OPINION**

This matter comes before the Court on the Bank of Dawson's objection to confirmation. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(L). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtor Laverna Knighton filed her current Chapter 13 petition on June 5, 2006, and proposed a repayment plan lasting five years. Debtor's only prior case in the past five years was a Chapter 13 filed on November 1, 2001. She converted the prior case to Chapter 7 on March 18, 2003, and received a discharge on June 20, 2003.

A creditor, the Bank of Dawson, objected to confirmation of Debtor's plan in the pending case on the ground that she proposed it in bad faith. The Bank asserts based on the date of discharge in her previous case, Debtor is not entitled to a Chapter 13 discharge in this case. The Bank further asserts that Debtor merely filed this case to bide her time until she becomes eligible for a second Chapter 7 discharge, which demonstrates she proposed her plan in bad faith. Finally, the Bank asserts that partially funding the plan with student loan proceeds is evidence of Debtor's bad faith. The Court held a hearing on the objection on November 7, 2006. After hearing arguments of the parties, the Court continued the confirmation hearing and invited the parties to submit briefs on the issue of whether Debtor is entitled to a discharge in the pending case. This opinion addresses only that question as a threshold matter. It does not rule on the Bank's objection or decide whether Debtor's case should be confirmed.

**Conclusions of Law**

The Bankruptcy Code limits the frequency with which a debtor may obtain a discharge. When the debtor seeks a discharge under Chapter 13, the Code provides as follows:

> [T]he court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge—
> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

11 U.S.C. § 1328(f).

The Court must determine how § 1328(f) applies to Debtor. The Bank argues that the lookback clock started running on the date Debtor converted her prior case from Chapter 13 to Chapter 7–March 18, 2003–not the date the prior case was filed. In the alternative, the Bank suggests the clock started running on the date of discharge in the prior case, June 20, 2003. Debtor argues that because the conversion relates back to the filing date, the clock started running on November 1, 2001.

Because conversion is an issue in this case, the Court must look to the Bankruptcy Code to determine the effect of the conversion. Section 348(a) provides,

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a).

In addition, § 301(a) provides, "A voluntary case under a chapter of this title is

commenced by the filing with the bankruptcy court of a petition <u>under such chapter</u> by an entity that may be a debtor under such chapter." 11 U.S.C. § 301(a) (emphasis added).

Section 1328(f) was added to the Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and has been the subject of only a handful of judicial opinions. Of those, the Court is aware of three Chapter 13 cases in which a debtor had filed a previous Chapter 13 that was converted to Chapter 7. <u>In re Capers</u>, 347 B.R. 169 (Bankr. D.S.C. 2006); <u>In re Sours</u>, 350 B.R. 261 (Bankr. E.D. Va. 2006); <u>In re Grydzuk</u>, No. 06-61211, 2006 WL 2993237 (Bankr. N.D. Ind. Oct. 20, 2006). In all three cases, the debtors filed the previous case less than four years but more than two years before the pending case. The debtors argued that their prior cases were "filed under" Chapter 13, even though they later converted and received Chapter 7 discharges. Thus, they argued, they should be subject to the two-year lookback period in § 1328(f)(2) for a previous Chapter 13 case rather than the four-year lookback period in (f)(1) for a previous Chapter 7 case. <u>Capers</u>, 347 B.R. at 171; <u>Sours</u>, 350 B.R. at 262-63; <u>Grydzuk</u>, 2006 WL 2993237, at *1. All three courts rejected that argument for similar reasons. <u>Capers</u>, 347 B.R. at 171-72; <u>Sours</u>, 350 B.R. at 266-68; <u>Grydzuk</u>, 2006 WL 2993237, at *2-3.

First, the courts noted that the debtors' argument was at odds with the plain language of the Bankruptcy Code. Section 1328(f) cannot be read in a vacuum; it must be read in conjunction with § 348(a), which "mandates that a case which has been converted [from Chapter 13 to Chapter 7] ... is deemed to be 'filed under' Chapter 7 on the date on which the Chapter 13 was filed." <u>Sours</u>, 350 B.R. at 267-68.

Second, the courts looked beyond the text to the perceived legislative intent or purpose of

4

§ 1328(f). Capers and Sours, found that the debtors' interpretation ran afoul of legislative history, which "indicates that the purpose of § 1328(f) was to extend[1] the time period within which a debtor could receive a subsequent discharge, not to inadvertently create an avenue of avoidance for clever debtors." Id. at 268. The debtors' reading would "encourage debtors to initially file a Chapter 13 case with no intentions of successful completion. Debtors could then immediately convert in order to receive a Chapter 7 discharge, while still managing to preserve the shorter time restriction between receiving discharges[.]" Id. at 269.

While declining to look to the legislative history, the court in Grydzuk also looked beyond the plain language to discern the "evil" Congress intended to eliminate via § 1328(f). One such "perceived 'evil[]' ... was the infidel concept of a [Chapter] '20,'" by which a debtor would first file Chapter 7 to discharge debts, then follow it with a Chapter 13 to deal with debts not eliminated in Chapter 7. 2006 WL 2993237, at *3. In effect, § 1328(f) targets the Chapter 20 by imposing a four-year ban on filing a Chapter 13 that is eligible for discharge after the filing of a Chapter 7. Id. "The fact that the language utilized to implement this crusade does not evidence any perceptual understanding of bankruptcy law does not obfuscate the" behavior targeted by § 1328(f). Id.

In fact, Congress has demonstrated in § 727(a)(8) and (9) that it can implement a waiting period for subsequent filing in cleaner terms. Instead of the "filed under" language, both those

---

[1] It is more accurate to say § 1328(f) created a new time period during which a Chapter 13 debtor is ineligible for discharge. No such period existed with respect to Chapter 13 prior to BAPCPA.

5

subsections refer to the section under which the prior discharge was granted.[2]  2006 WL 2993237, at *2.  That Congress used different language in § 1328(f) and § 727(a)(8), (9) could support an argument that the two sections should be interpreted differently.  Id.  However, when § 348(a) and § 301(a) are considered, the interpretation of § 1328(f) becomes much more straightforward.  Id.  "[C]ombining the fact that 11 U.S.C. § 348(a) literally rendered the debtors' converted case to have been filed under Chapter 7 with § 1328(f)(1)'s statement of what happens to a Chapter 13 case when it becomes a case 'under another chapter under this title', it is clear that the discharge referred to in 11 U.S.C. § 1328(f)(1) refers to the chapter under which the discharge was actually entered, rather than the chapter under which the case was initiated."  Id. at *3.

The Court agrees with Capers, Sours, and Grydzuk to the extent they rely on the text of the statutes at issue.  As the court in Grydzuk noted, the fact that the drafters of BAPCPA were apparently unaware that debtors routinely convert Chapter 13 cases to Chapter 7 does not change the basic principles applied in statutory interpretation.  "It is well established that 'when the statute's language is plain, the sole function of the courts–at least where the disposition required by the text is not absurd–is to enforce it according to its terms.'"  Lamie v. U.S. Trustee, 540 U.S. 526, 534, 124 S. Ct. 1023, 1030 (2004) (quoting Hartford Underwriters Ins. Co. v. Union

---

[2] "The court shall not grant the debtor a discharge, unless–
...
(8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within 8 years before the date of the filing of the petition;
(9) the debtor has been granted a discharge under section 1228 or 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition ...."
11 U.S.C. § 727(a)(8), (9).

Planters Bank, 530 U.S. 1, 6, 120 S. Ct. 1942, 1947 (2000)).  Furthermore, the fact that a statute is awkward or ungrammatical does not necessarily render it ambiguous and incapable of a plain-language interpretation.  Id.

In this case, the Code states that the Court "shall not grant a discharge" if Debtor received a discharge in a case "filed under" Chapter 7 within four years before filing her current Chapter 13 petition.  Pursuant to § 301(a), a case is commenced under a chapter by filing a petition under that chapter.  Pursuant to § 348(a), neither the date of filing nor the date of commencement of the case is changed by conversion.  Thus, converting a case from Chapter 13 to Chapter 7 causes the case to be one that is filed under Chapter 7 on the same date the Chapter 13 petition was filed.

The Court now turns to the Bank's alternative argument–that the lookback period starts running on the date of discharge in the prior case rather than the date of filing in the prior case.  Nothing in the language of § 1328(f)(1) supports such an interpretation.  The statute bars discharge in the pending case if the debtor received a prior discharge in a case "filed under chapter 7 ... during the 4-year period preceding the date of the order for relief" in the pending case.  Because the order for relief arises on the date of filing,[3] a plain reading of § 1328(f)(1) indicates that the lookback period runs from the filing date of the prior case to the filing date of the current case.

In this case, Debtor's prior case was filed on November 1, 2001, more than four years prior to the pending case, which was filed on June 5, 2006.  Because more than four years passed between the two filings, Debtor is eligible for a discharge upon the completion of her current

---

[3] A case is commenced by filing, and commencement constitutes an order for relief.  11 U.S.C. § 301(a), (b).

7

Chapter 13 case. The Bank may continue to pursue its objection to confirmation, but Debtor's ineligibility for discharge will not be considered as a factor demonstrating that she filed her plan in bad faith.

     An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT